UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

M.L.M. (XXX-XX-7284)  CIVIL ACTION NO. 08-cv-1242

VERSUS

MICHAEL J. ASTRUE, COMMISSIONER  MAGISTRATE JUDGE HORNSBY
OF SOCIAL SECURITY

**MEMORANDUM RULING**

**Introduction**

Plaintiff has a high school education but no past work during the relevant period. She applied for Supplemental Security Income payments based on a claim that she is disabled due to depression. Plaintiff was 48 years old when ALJ W. Thomas Bundy issued a written decision that denied her claim.

The Appeals Council denied a request for review. Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

**Issues on Appeal**

Plaintiff raises three issues on appeal. She argues that: (1) she does meet Listing 12.04 (affective disorders); (2) the ALJ's assessment of her residual functional capacity

("RFC") is not based on substantial evidence; and (3) there is not substantial evidence to support the finding that there are jobs in the economy that she can perform.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

Thomas Staats, Ph.D., conducted a consultative examination in October 2004. He noted that Plaintiff reported suffering visual and auditory hallucinations, depression, memory problems, poor concentration, and similar problems. Plaintiff was being followed by the staff at LSU Health Sciences Center, and she was taking a number of medications. Plaintiff said she had started developing psychiatric symptoms two or three years earlier and memory problems about two years earlier. She said she had never been hospitalized for illness or injury, but she had quit working as a housekeeper in about 2002 because of repeated illnesses.

Dr. Staats described Plaintiff's persistence and social interaction as "poor." He noted that her responses were brief, she gave up easily, and she made only fleeting eye contact. She showed marginal social judgment and, overall, "she was able to interact poorly on a 1:1 basis due to blunted affect, tension, anxiety, dysphoria, hand wringing, some bradyphrenic responding, sometimes giving up easily, keeping her head down a great deal of the time, and displaying only fleeting eye contact." Dr. Staats described Plaintiff's sustained concentration and adaptation as marginal. He opined that her prognosis was guarded to poor and said she appeared to need more intense psychiatric intervention. He diagnosed schizoaffective disorder-depressed type. Tr. 126-28.

Samuel D. Thomas, Ed.D., conducted a consultative examination in January 2006, soon after the December 2005 hearing before the ALJ. Dr. Thomas reviewed Plaintiff's medical records, mental health records, and the 2004 report by Dr. Staats. He also examined Plaintiff, who repeated that she had never been hospitalized for treatment of psychiatric problems and said she had experienced a decrease in auditory and visual hallucinations with medication treatment.

Plaintiff's ability to interact with the examiner appeared to be much improved since the examination by Staats. Dr. Thomas noted that Plaintiff's eye contact was within normal limits, she did not display any odd mannerisms, she was cooperative with a rapport easily established and maintained, and she appeared to display her best efforts on all test items. Plaintiff was, however, observed to be depressed.

Dr. Thomas wrote that Plaintiff sustained concentration and persisted throughout the examination. Her persistence, pace, and concentration appeared to be commensurate with her level of intellectual functioning. Dr. Thomas concluded that Plaintiff's "communication and socialization skills appear to fall in the Moderately Low range of adaptive functioning." Like Dr. Staats, he diagnosed schizoaffective disorder, but he also diagnosed major depressive disorder with psychotic features, in partial remission.

Dr. Thomas opined that Plaintiff would show moderate limitations in understanding, remembering, and carrying out simple instructions, interacting appropriately with the public, supervisors, and co-workers, and that she would exhibit moderate to severe limitations responding appropriately to work pressures and changes in routine work environment. He also noted, among many other findings in his detailed report, that Plaintiff's ability to sustain effort and persist at a normal pace over the course of a workweek is also moderately limited. Tr. 177-81.

The ALJ gave "significant weight" to Dr. Thomas's opinion because "he is a licensed psychologist and his evaluation is consistent with the totality of the record." Based on that record, the ALJ determined that Plaintiff had no exertional limitations of consequence, but she had nonexertional impairments roughly commensurate with the moderate limitations suggested by Dr. Thomas. Tr. 22. A vocational expert testified that a person with Plaintiff's vocational factors and that RFC could perform jobs such as janitor, floor waxer, cleaner,

patch worker, assembler, and finisher. Based on that testimony, the ALJ found at step five of the sequential analysis that Plaintiff was not disabled. Tr. 22-24.

After the ALJ's decision, Plaintiff's counsel wrote Dr. Staats and asked him for a clarification of the language Staats used to describe various mental impairments. Counsel noted that Dr. Staats often, in his many consultative evaluations, describes mental activities such as concentration and persistence using the words marginal, poor, adequate, and the like. However, the agency uses the terms none, mild, moderate, marked, and extreme. Counsel asked Dr. Staats how his scale corresponds to the terms used by the agency. Dr. Staats sent a one-page fax that set forth the following:

> Adequate/fair = none
> Marginal = mild
> Marginal-to-poor = moderate
> Poor = marked to extreme
> Impaired = extreme

Tr. 204-05. The Appeals Council considered the letters and found that they did not provide a basis for changing the ALJ's decision. Tr. 5-6.

Plaintiff's first argument on appeal is that she meets the requirements of Listing 12.04 because she has marked restrictions in maintaining social functioning and marked difficulties in maintaining concentration, persistence or pace. Plaintiff argues that she meets those requirements because Dr. Staats described her limitations in those functions as "poor," which his later fax suggested meant marked to extreme.

Plaintiff bears the burden of establishing at step three that she meets a listing. She has presented, based on Dr. Staats' subsequent fax, some evidence to support her argument. But there is more compelling evidence in the form of Dr. Thomas's more recent and detailed opinion that the ALJ favored and that had the benefit of employing the correct terminology. The ALJ was within his bounds to favor the competing firsthand report from Dr. Thomas and decide, based on it, that Plaintiff does not meet the requirement of a listing so that she would be automatically deemed disabled despite her age, education, or work experience. And the Appeals Council was not required to reverse the ALJ's decision based on the fax. There was still a credible evidentiary choice on which the ALJ's decision could soundly rest, and the unexplained fax frankly gives rise to as many questions as it might answer. One might reasonably wonder whether Dr. Staats really means that a person with, for example, "marginal" social functioning has only a mild impairment while a person described in a report as having "impaired" social functioning has an extreme limitation in that area. The descriptions are not intuitively consistent. The answer to this issue is for the agency to insist that consultants use the terminology found in the regulations or well known diagnostic manuals.

Plaintiff next argues that the ALJ's assessment of her RFC is not based on substantial evidence because it was not known at the time of the hearings how Dr. Staats' reports should be understood. Plaintiff urges that if the VE had been asked to assume marked limitations, based on Dr. Staats' use of the term poor, there likely would not have been jobs available.

That assumes, once again, that the ALJ would be compelled to accept the explained version of Dr. Staats' findings. The ALJ obviously preferred the report of Dr. Thomas and placed significant weight on it. Dr. Thomas's report provided a credible evidentiary choice and, thus, substantial evidence to support the ALJ's RFC.

Plaintiff's final issue is a general assertion that she is disabled and an argument that, if she prevailed on one of her other claims, a finding of disabled rather than a remand would be in order. The court found above that there was substantial evidence to support the ALJ's decision, so a remand is not in order. The judgment will be entered affirming the Commissioner's decision to deny benefits.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of September, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE